# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **GARY CHENEVERT** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 4:10CV00113-WAP-DAS |
| GC CONSTRUCTORS, A Joint Venture<br>Consisting of MASSMAN CONSTRUCTION CO.,<br>TRAYLOR BROS., INC., and KIEWIT SOUTHERN<br>CO., Individually and as Joint Venturers, Jointly and<br>Severally | **DEFENDANTS** |

## ORDER

**BEFORE THE COURT** are the plaintiff's motions for sanctions (# 64) and for leave to propound "contention interrogatories" (# 67). Also before the court is the defendants' motion for an amendment of the Case Management Order and extension of deadlines (# 80).

Motion for Sanctions

The plaintiff brings this motion pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. Specifically, the plaintiff argues that the defendants have failed to produce records regarding those who operated the subject crane following the plaintiff's accident, which this court ordered produced in its January 25 Order. The plaintiff also argues for sanctions because the defendants failed to tender 30(b)(6) designees, also in violation of the court's January 25 Order.

*Crane Documents*

With regard to the crane barge operator records, on January 31 – the deadline for producing the records – the defendants filed what they entitled a "response" to the court's discovery Order. In that response, the defendants noted that the records were being compiled at

Massman Construction Company in Kansas City, Missouri and that it was unknown whether Massman employees would be able to process the request for the records by the following day, February 1, because heavy snow was in that night's forecast. In that "response," the defendants requested additional time to comply with the court's Order to produce the records. As an initial matter, the local rules of this court require that any form of relief sought from the court is to be requested in the form of a separate motion filed with the court. As such, the defendants' "response" was insufficient to alert this court regarding the defendants' request for additional time to comply with the Order. Regardless, even assuming the defendants properly filed their request for relief, the grounds stated in the filing were woefully inadequate to support the request. First, the filing supposed a time for compliance that was a day after the deadline imposed in the court's Order. Second, the filing failed to explain why a "forecast" for heavy snow the night of the court-imposed deadline created an impediment to compliance. The plaintiff also points out that now (over a month and one-half after the deadline for compliance) the defendants have *yet to produce the records*. In their response to the instant motion, the defendants offer no excuse for their failure to obey the court's order, but instead devote most of their time to explaining why the relief requested by the plaintiff is too harsh. The court finds the defendants' failure to produce the records, now some two months after the court imposed deadline, is inexcusable. Accordingly, the plaintiff is entitled to an appropriate award of sanctions under Rule 37(b)(2)(A).

    The plaintiff argues that an appropriate sanction is an order prohibiting the defendants from contending during trial that "the crane aboard the MCC 266 would not have operated for the same number of days/the same number of hours that such crane operated during the twelve

months that preceding [sic] Gary Chenevert's injury."[1] Among other things, the defendants argue that they did provide Chenevert with "transfer documents related to the MCC 266" and that prohibiting them from introducing into evidence the "exact number of days . . .[the] equipment worked would be [an] overly severe sanction." The court finds defendants' response unacceptable and that it does nothing to excuse their willful disobedience of this court's Order. Nevertheless, the court is aware of its obligation to impose the least drastic sanction necessary to achieve the desired deterrent effect, especially in the absence of some palpable prejudice to the plaintiff. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1381 n. 3 (5th Cir. 1994). The discovery deadline is amended as set out below, and there is sufficient time for the defendants to produce the discovery and for the plaintiff to review it prior to the deadline for the filing of dispositive motions. Moreover, the plaintiff has not alleged any prejudice that would make this court's ruling unjust. Accordingly, the defendants shall have five days from this date to produce the documents.

Finally, because there is no substantial justification for the defendants' failure and no other circumstance that would make an award of expenses unjust, the defendants and their attorney are hereby jointly and severally liable for the payment of the plaintiff's reasonable attorney fees and expenses associated with prosecuting this motion. Should the defendants fail to meet any requirement imposed herein, the court will consider another application by the plaintiff for harsher sanctions in addition to another award of attorney fees and expenses.

---

[1] The plaintiff contends the subject documents are relevant to the issue of Mr. Chenevert's loss of wage earning capacity.

*30(b)(6) Designees*

Next, the plaintiff argues the defendants failed to produce 30(b)(6) designees qualified to testify regarding multiple topics set forth in the plaintiff's 30(b)(6) notice in violation of the court's January 25 Order. The deposition was scheduled to take place at the offices of Massman Construction Company in New Orleans, Louisiana. After the deposition of the first Massman designee had been completed, counsel for the plaintiff was informed that other Massman designees who could testify regarding the remaining topics noticed were in St. Louis or Kansas City and that he would need to travel to those locations to secure the testimony. Additionally, the defendants failed to make designees available who could testify on behalf of Traylor Bros. and Kiewit Southern. Counsel for the plaintiff was forced to make alternate arrangements to depose the other Massman designees in St. Louis by video conference. As a result, the plaintiff incurred costs associated with the video conferencing and spending the night in New Orleans and is seeking costs associated with having to make these additional arrangements.

The court's January 25 Order granted the defendants' request for a protective order and required that the 30(b)(6) deposition initially noticed by the plaintiff for January 26, 2011 and the re-opening of an earlier deposition be taken during the week of February 7. The plaintiff renoticed the depositions for February 7 in compliance with that Order. The defendants have provided no explanation for their failure to present designees qualified to testify regarding all the topics in the plaintiff's notice at the time and location indicated on the notice. Indeed, the defendants do not deny that this failure was a violation of the court's Order but instead argue that they complied with the "spirit" of it. Accordingly, the court finds this failure was a willful violation of the court's January 25 Order, and the defendants and their counsel are hereby jointly and severally liable for all of the plaintiff's reasonable expenses associated with arranging and

4

taking the deposition of the remaining Massman designees by video conference. The court also finds that plaintiff's counsel's reasonable hotel expenses resulted from the defendants' failure to present qualified Massman designees at the Massman offices in New Orleans. Further, for their failure to present designees for Traylor Bros. and Kiewit Southern, the defendants will make appropriate designees available in Greenville, Mississippi for the completion of the deposition on a date to be noticed by the plaintiff, but in any event not later than the discovery deadline.

Within fourteen days of this date, plaintiff's counsel shall file an affidavit and itemization of fees and expenses consistent with the court's ruling herein. The defendants will have seven days after the filing of counsel's affidavit to file any response.

## Motion for Leave to Propound Contention Interrogatories

Here, the plaintiff seeks leave to propound contention interrogatories to the defendants. In support of the motion, the plaintiff explains that during a recent mediation, counsel for the defendants made several contentions that are not supported by any discovery disclosed so far by the defendants.[2] Specifically, the plaintiff argues that if these contentions support a position that will be asserted at trial, he is entitled to disclosure of them. The defendants respond that the plaintiff's attempt to seek discovery based upon their counsel's statements made during a mediation of this case directly violates a mediation agreement signed by his counsel and that the proposed interrogatories are essentially requests for admissions that seek to shift the burden of proving the plaintiff's case to the defendants. Additionally, the defendants complain that the instant motion is untimely under Rule 33 of the Federal Rules of Civil Procedure (made only

---

[2]The defendants ask the court to strike paragraphs 6-10 and 13-16 of the plaintiff's motion because it "violate[s] the privilege of the parties to engage in confidential settlement discussions." The plaintiff offers no response to this request in his reply brief. Accordingly, paragraphs 6-10 and 13-16 are hereby STRICKEN from the record of this case.

5

forty-five days before the discovery deadline).

"While . . . [Rule 33] permits contention interrogatories, the scope and timing are governed by the court's discretion." *See Brassell v. Turner,* No. 3:05CV476LS, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006) (discussing *In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328 (N.D. Cal.1985)). Furthermore, contention interrogatories are most useful when the responses sought would help narrow and sharpen the issues prior to trial. *See Akers v. Shaw Environmental, Inc.*, Nos. 09-915 & 09-1110, 2011 WL 867524, at *3 (W.D. La. March 14, 2011).

The court finds that the plaintiff's motion should be and is hereby denied. First, the court agrees with the defendants that under the circumstances granting the instant request would undermine the effectiveness of the settlement process. The court is not inclined to set a precedent that would allow a party following settlement or mediation proceedings to seek additional discovery in the form of contention interrogatories based upon candid statements made by an opposing party during an attempt to settle the case. Moreover, the plaintiff's proposed interrogatories consist of some thirty requests, not including multiple subparts. The court set a limit of twenty-five interrogatories per party in this case, and the plaintiff admits he has already reached this limit. Finally, as stated above, an important purpose of contention interrogatories, as with all discovery, is to narrow the issues in a case prior to trial. The plaintiff has already completed a portion of the defendants' depositions, and this order requires that the depositions be completed by the discovery deadline. Accordingly, the plaintiff will have ample opportunity to obtain the information he seeks at that time.

<u>Motion to Amend CMO</u>

Finally, the defendants seek an amendment of the Case Management Order and an

extension of deadlines. Specifically, the defendants request an extension of their expert designation deadline and an extension of the discovery and motions deadlines. In support of this request, the defendants explain that their crane expert is out of the country and not expected to be back until sometime this month and that their economist/accountant is "right in the middle" of tax season and neither will be able to complete their research and review of the materials in this case or form opinions prior to the March 30 expert deadline. The defendants also point out other deficiencies with regard to three additional expert designations. The defendants seek an extension of the expert designation deadline until May 6, 2011, an extension of the discovery deadline until June 3, 2011, and an extension of the motions deadline until June 17, 2011.

Because the defendants' request would leave less than one month for the plaintiff to review the information of five experts and depose them, the motion is hereby granted in part, and the CMO is amended as follows:

| | |
|---|---|
| Defendants' expert designation deadline | April 29, 2011 |
| Discovery deadline | June 3, 2011 |
| Motions deadline | June 17, 2011 |

**SO ORDERED THIS**, the 8th day of April, 2011.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE