**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GARY CHENEVERT**                                                                                **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO. 4:10CV00113-WAP-DAS**

**GC CONSTRUCTORS, A Joint Venture
Consisting of MASSMAN CONSTRUCTION CO.,
TRAYLOR BROS., INC., and KIEWIT SOUTHERN
CO., Individually and as Joint Venturers, Jointly and
Severally**                                                                                      **DEFENDANTS**

### ORDER

Before the court are the plaintiff's Motion to Preclude Testimony/Documents (# 182) and the plaintiff's Motions to Quash Improper Notices of Records Depositions (# 194 & # 202). For the reasons set out below, the motion to preclude is granted in part and denied in part and the motions to quash are granted.

### Motion to Preclude

The plaintiff asserts that on June 14, 2011, the defendants supplemented their Rule 26(a) disclosures to provide for the first time names–but not addresses or phone numbers–of eight additional persons who are "likely to have discoverable information" and who the defendants may use to support their defenses. The plaintiff further complains that of the documents identified in the June 14 disclosures, he has not been provided with the ones identified with the letters "A," "B," "C" and "F."[1] The plaintiff seeks to exclude the testimony of these witnesses and the documents based on the defendants' failure to timely disclose them under Rule 26. The plaintiff argues that he will be prejudiced by untimely disclosure of the witnesses because he did not have a reasonable opportunity to determine the knowledge they possess during the discovery

---

[1]With the exception of documents "E" and "G," plaintiff seeks to exclude all documents listed in the June 14 disclosures.

period. The plaintiff also makes a general claim that the defendants failed to provide "meaningful descriptions of the subject matter of the "discoverable" knowledge of most of the witnesses. The plaintiff further alleges he will be prejudiced because his liability expert did not have the benefit of considering all of the relevant facts possessed by these witnesses in forming his liability opinions. Finally, the plaintiff contends the defendants knew or should have known the identity of the additional witnesses because they were employed by the defendants at the time of his accident. With respect to the documents, the plaintiff argues the defendants have no excuse for the late disclosure because he believes the documents have been in their possession since the date of his accident. Ultimately, the plaintiff contends that allowing the late disclosures would subject him to trial by ambush.

The defendants essentially argue that the disclosures were timely because they were made prior to the June 24 discovery deadline, in accordance with L. U. Civ. R. 26(a)(5). The defendants explain that the additional witnesses and documents were discovered after production of their "original" initial disclosures and during the discovery process. Additionally, the defendants state that though they were aware of the identities of the newly disclosed individuals at the time of their initial disclosures, they did not intend to use them to support any defense at that time.

Rule 26(a) provides that a party's initial disclosures must include a list of persons "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(I). Further, Rule 26(e) establishes a duty to supplement initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in

writing."

As an initial matter, the court must point out that there is no indication that plaintiff's counsel made any attempt to confer in good faith with counsel for the defendants prior to filing the instant motion, in contravention of L. U. Civ. R. 37(a). However, the court finds it would be imprudent to deny the motion on this basis alone, considering the current posture of the case. Accordingly, after due consideration, the court finds the motion should be granted in part and denied in part for the reasons stated below.

*Witnesses*

The defendants' supplemental disclosures clearly did not adequately identify the subject matter of the information held by five of the disclosed individuals, namely Cooper Kyhl, Tom Tavernao, Jack McMillion, Gordon Strickland and Mike McKenzie. Thus, defendants' supplemental disclosures did not comply with the requirements of Rule 26(a) with regard to these individuals. This failure was not cured prior to the discovery deadline. The court finds that the remaining individuals, Fred Hudgens, Renee Sedlecek and Rusty Schull were timely disclosed in accordance with L. U. Civ. R. 26(a)(5). Moreover, the defendants state that Fred Hudgens' name was revealed in crane inspection reports in their prior initial disclosures.[2] A party is not required to supplement its discovery if the "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" FED. R. CIV. P. 26(e). Furthermore, nothing prevents the plaintiff from interviewing Hudgens, Sedlecek, or

---

[2]The plaintiff points out that the defendants' initial disclosures only identified these reports and that the actual reports were not produced until May 25, 2011. Nevertheless, the plaintiff does not dispute that the May 25 disclosure did not reveal the identity of Mr. Hudgens.

Schull to determine the extent of their knowledge prior to trial.[3]  Accordingly, the court finds that with the exception of Fred Hudgens, Renee Sedlecek and Rusty Schull, the defendants' supplemental disclosures were inadequate.

Thus, the next inquiry must address the appropriate sanction, if any, for the defendants' failure.  Rule 37(c) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); *see also Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563 (5th Cir.2004) ("Rule 37 provides that a party who fails to disclose information required by Rule 26(a) is not permitted to use the information as evidence at a trial 'unless such failure is harmless.' ").  Consequently, the defendants may escape sanctions under Rule 37 if its failure to timely disclose its witnesses was harmless or substantially justified, but the burden to prove harmlessness is on the non-disclosing party. *R.C. Olmstead, Inc., v. CU Interface, LLC,* 606 F.3d 262, 271–72 (6th Cir. 2010).  A court's conclusion regarding whether a party's failure to comply with Rule 26(a) or (e) was harmless is a matter of discretion. *Primrose Operating Co.,* 382 F.3d at 563–64.  Courts in the Fifth Circuit examine the following four factors when performing a Rule 37(c)(1) harmless error analysis: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir.2003).

---

[3]The plaintiff complains that the defendants did not provide address and phone information for the witnesses.  However, the plaintiff has not alleged that he has had any trouble or even made an attempt to contact any of these witnesses.  Moreover, there is nothing before the court that indicates plaintiff's counsel was hampered in any way from making a phone call to request this information prior to filing the instant motion.

In this case the defendants have provided essentially nothing in support of the importance of the testimony of the additional witnesses. Indeed, the defendants state that the newly disclosed persons "may or may not ever be called as witnesses." Moreover, the defendants have failed to offer any explanation whatsoever for their failure to provide adequate information regarding the subject matter of the witnesses' testimony. Finally, the plaintiff alleges that due to economic hardship caused by the crane accident, he will be prejudiced if the witnesses are allowed because it would require a continuance that would further delay resolution of this case. The court finds that these facts combined with the fact that the number of additional witnesses is so great weigh heavily in favor of striking the additional witnesses. Accordingly, with the exception of Fred Hudgens, Renee Sedlecek and Rusty Schull, any testimony by the newly disclosed witnesses is excluded from use in this case.

*Documents*

The court finds that the documents were timely disclosed pursuant to L. U. Civ. R. 26(a)(5). Even assuming that they were not timely submitted, the plaintiff has failed to show any real prejudice, including the danger of trial by ambush with regard to the subject documents. First, the plaintiff has failed to rebut the defendants' statement that he had the documents "A," "B," "C" and "F" prior to the June 14 production. Indeed, the defendants state that with respect to the plaintiff's crane certifications, the plaintiff only recently provided these very documents to the defendants. Accordingly, because the disclosures were made prior to the discovery deadline, the court finds they were timely disclosed.

**Motions to Quash**

On June 23 and 24, the defendants filed Notices of Records Depositions and *Subpoenas*

*Duces Tecum* and served them on FARA Benefit Services, Inc., South Central Regional Laborers Health and Welfare Fund, Southern Benefit Services, LLC, Elmwood Industrial Medicine Center, and Boh Bros. Construction Co., L.L.C. Based on information received in response to the FARA subpoena, the defendants filed and served another Notice of Records Deposition and Subpoena for Ochsner Hospital, and filed the same on June 29, 2011. The plaintiff seeks to quash all of the notices and subpoenas on the ground that they required production after the discovery deadline. In opposition to the motions, the defendants argue that good cause existed for issuing the notices to FARA, South Central Regional Laborers Health and Welfare and Southern Benefits, i.e., current defense counsel was only recently retained and each of these three subpoenas sought information regarding the plaintiff's prior medical history which is "crucial to a comprehensive defense." Further the defendants argue that plaintiff can show no prejudice because the information produced regards his own medical history of which he is already aware. The defendants argue that good cause existed for issuance of a notice and subpoena to Elmwood because the information sought relates to a medical exam the plaintiff underwent in connection with his crane operator's license, and the plaintiff only disclosed "information that gave rise to the notice and subpoena within days of the discovery deadline."

By Order (# 131) the court informed the parties that no further extensions of deadlines would be allowed short of a continuance of the October 24 trial setting. Here, the defendants completely ignored the court's firm discovery deadline and noticed depositions and issued subpoenas that required production well past the discovery deadline. The defendants have offered no explanation for their failure to seek permission from the court prior to seeking additional discovery. The court has previously admonished the defendants and their counsel and

awarded sanctions against them for willfully disobeying an order of the court. (Order # 89). Also, the defendants' argument that there will be no prejudice to the plaintiff is not convincing, as the plaintiff would be forced to engage in additional preparation for an impending trial. Because issuance of the subject notices and subpoenas clearly violated the court's firm discovery deadline, the instant motions are hereby **GRANTED**, and the defendants are prohibited from using at trial any information received pursuant to the subject notices and subpoenas.

**IT IS FURTHER ORDERED** that the plaintiff is entitled to reasonable attorney fees associated with prosecuting the instant motions to quash. Within seven (7) days of this date, plaintiff's counsel shall file an affidavit of fees and expenses. The defendants will have seven (7) days to file any opposition to the fees request.

**SO ORDERED** this, the 12th day of September, 2011.

/s/ David A. Sanders
U. S. Magistrate Judge