IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GARY CHENEVERT

VS.                                                       CIVIL ACTION NO. 4:10CV113-GHD-DAS

MASSMAN CONSTRUCTION CO., ET AL.

**REPORT AND RECOMMENDATION**

This matter is before the court on motion of Travelers Indemnity Company (# 301) for the court to reconsider its April 16, 2012, order denying the motion to intervene or, in the alternative, to set the order aside. After considering the motion and the response thereto, the court recommends as follows:

**I. FACTUAL AND PROCEDURAL HISTORY**

Gary Chenevert filed the present action against his employer after suffering an injury while working on the deck of barge MCC-266. Chenevert's employer was GC Constructors, a joint venture consisting of Massman Construction Co., Traylor Bros., Inc., and Kiewit Southern Co. Travelers provided GC Constructors coverage pursuant to the Longshoremen's and Harborworker's Compensation Act ("LHWCA"). Shortly after his injury and before Chenevert filed the present action, Travelers began paying benefits to him and eventually paid $123,066.05 in indemnity benefits and $154,662.67 in medical benefits for a total of $277,728.72. Travelers stopped paying benefits once Chenevert filed his complaint, alleging he had been working as a seaman rather than a longshoreman.

The parties subsequently settled the litigation, but just after the parties reached their agreement, Travelers filed a motion to intervene. Consequently, the court entered an order of

1

partial dismissal, dismissing all of the defendants but leaving the matter open "to allow for adjudication and resolution of the claims sought to be brought by The Travelers Indemnity Company." As part of their final resolution the parties agreed to interplead $277,728.72 into the registry of the court, pending resolution of the dispute between Chenevert and Travelers.

Travelers argues the court should allow it to intervene to pursue its right to recover those monies it paid to Chenevert before he filed suit. Chenevert argues the court should deny the present motion, because Travelers has no right to intervene. Specifically, Chenevert argues Travelers cannot meet the mandatory criteria to establish its right.

On April 16, 2012, this court denied Travelers' motion to intervene, and Travelers has now moved for the court to reconsider that decision or, in the alternative, to set it aside.

## II. AUTHORITY

To begin, the court considers Travelers' argument that the undersigned magistrate judge was without authority to decide a motion to intervene. After examining the matter thoroughly, the court finds a split of authority on the matter. *Compare United States v. Certain Real Prop. & Premises, et al.*, 751 F. Supp. 1060, 1061 (E.D.N.Y. 1989) (holding motion to intervene is not dispositive), *with Miss. Power & Light Co.*, 621 F. Supp. 718, 719 (S.D. Miss. 1985) (holding that motion to intervene was equivalent to involuntary dismissal and thus dispositive). It appears the Fifth Circuit has not addressed the issue, but in the interests of caution, the court now reconsiders the matter and submits this report and recommendation to the district judge.

## III. MOTION TO INTERVENE

As detailed in the court's initial order denying Travelers' motion to intervene, to succeed as an intervenor of right, a party must show: (1) that it has "an interest" relating to the property

2

or transaction in the litigation; (2) that it sought to intervene in a timely manner; (3) that the disposition of the action may impair or impede, as a practical matter, its ability to protect that interest; and (4) that its interest is inadequately represented by existing parties to the suit. *See* Fed. R. Civ. P. 24(a)(2); *City of Houston v. American Traffic Solutions, Inc.*, 668 F.3d 291, 293 (5th Cir. 2012). In the present case, the respondent, Chenevert, argues the court should deny Travelers motion to intervene because it does not have an interest relating to the property or transaction to the litigation.

### 1. Interest Relating to the Property

As with their initial motion and response, the parties have spent virtually all of their efforts, arguing whether Travelers has an interest relating to the property or transaction in the litigation. Essentially, Travelers argues that it has a "lien" or a "subrogation lien" on a portion of the settlement proceeds, and Chenevert argues that because he sued and settled with his employer, there is no third party involved, and thus, no right of subrogation. *See* 16 *Couch on Insurance 2d* § 61:133 at 313 (1983) ("No right of subrogation can arise in favor of the insurer against its insured, since by definition subrogation arises only with respect to rights of the insured against third persons to whom the insurer owes no duty.").[1]

With its motion to reconsider, Travelers makes essentially the same argument it made before albeit in greater detail. Travelers again refers to 33 U.S.C. § 933(h) for the proposition: "Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under

---

[1]The court notes that in its initial motion, Travelers argued that Chenevert sued the vessel and therefore sued a third party. However, the court also noted in its initial order that Chenevert did not sue the vessel, but rather sued only his employer, GC Constructors.

3

this section." According to Travelers, that "right" to which they are subrogated in this action is a "lien." Travelers argues that "GC Constructors acquired a lien over the $277,728.72 in compensation benefits *at the moment Chenevert settled his Jones Act claim with GC Constructors*." (emphasis added). They then cite *Bloomer v. Liberty Mutual Ins. Co.*, 445 U.S. 74 (1980) for the proposition that "[t]he employer's lien attaches to the settlement fund." However as with all the cases cited, *Bloomer* involved a suit by the employee against a third party, not his employer.[2] To suggest that an employer has a lien on a portion of the funds *the employer itself* agreed to pay in settlement the moment it settled the case is nonsense.

An additional problem Travelers faces is Fifth Circuit precedent. *See*, *Massey v. Williams-McWilliams, Inc.*, 414 F.2d 675, 679-80 (5th Cir. 1969). In *Massey*, the employer, Williams-McWilliams, paid Massey compensation benefits pursuant to the LHWCA. After receiving the benefits, Massey then sued his employer under the Jones Act, and the employer sought repayment for the benefits erroneously paid. The court found that because the payments were made on behalf of the employer pursuant to a statutory scheme whose purpose it is to compensate at least to a degree the pecuniary loss sustained by an employee from an injury received in the course of his work, it would not require repayment. Rather than allowing a repayment of the benefits already extended, the court allowed the employer to receive only a credit against those items of damages ultimately allowed that bear a reasonable relation to the items of loss compensated by workmen's compensation benefits. *Id.*

---

[2]Travelers spends a great deal of time and effort citing cases that provide for subrogation rights against third parties, but not a single case cited provides that an insurer would have a right of subrogation in its favor against its insured. *See Peters v. N. River Ins. Co. of Morristown, N.J.* 764 F.2d 306, 312 (5th Cir. 1985); *Allen v. Texaco, Inc.*, 510 F.2d 977, 979-80 (5th Cir. 1975); *The Etna*, 138 F.2d 37 (3d Cir. 1943).

In other words, like most workers' compensation schemes, the LHWCA represents a statutory compromise between the interests of the injured employees and potentially liable employers and insurers. *See, e.g., Ceres Gulf v. Cooper* 957 F.2d 1199, 1204 (5th Cir. 1992). The compromise is intended to provide covered employees with a prompt and certain recovery. In exchange, employers and insurers enjoy substantial limitations upon their liability. *Id.; Galle v. Director, Office of Workers' Compensation Programs*, 246 F.3d 440, 448 (5th Cir. 2001). The purpose behind the LHWCA is to provide to injured employees in desperate circumstances the funds they need immediately. These funds typically are used for medical treatment, housing, and the myriad other basic needs of an employee suddenly unable to work. Congress and the courts have adhered to this purpose and as a matter of policy have found that even when such funds are wrongfully paid, the employee will not be ordered to pay restitution. This is so because in virtually every instance, the injured employee would have expended the funds on the fundamental needs described *supra*. *See Kirk v. Allegheny Towing, Inc.*, 620 F. Supp. 458, 463 (D.C. Pa. 1985) (describing hardships that would arise if courts ordered reimbursement of maintenance and cure from an employee as compared to a third-party tortfeasor). However, in an effort to allow the employer to recoup at least a portion of any funds wrongfully paid, the courts have allowed employers a credit against any future payments it may owe to the injured employee. *See, e.g., Phillips v. Marine Concrete Structures, Inc.*, 877 F.2d 1231, 1234 (5th Cir. 1989), *vacated*, 877 F.2d at 1237, *rev'd on other grounds*, 895 F.2d 1033 (5th Cir. 1990) (en banc); *Rivere v. Offshore Painting Contractors*, 872 F.2d 1187, 1191 (5th Cir. 1989); *Henry v. Gentry Plumbing & Heating Co.*, 704 F.2d 863, 865 (5th Cir. 1983). This "compromise" allows employers and insurers at least some relief from what they often contend is an employee

5

receiving a double recovery. Indeed, that is precisely what Travelers argues in the present action, but despite the apparent danger of double recovery, courts have made it clear that they will not order an employee to repay overpayments or wrongful payments of compensation benefits.[3]

Accordingly, because GCC Constructors chose to settle the action with Gary Chenevert and Chenevert is no longer employed by GCC Constructors, there will be no future payments. GCC Constructors, therefore, would be unable to utilize a credit had monies been paid wrongfully. Because GCC Constructors has no right to repayment from Chenevert in any instance and because no future credit will arise, Travelers has no right to repayment or a future credit against the money. Consequently, to allow Travelers to intervene would be a futile exercise, and the undersigned recommends against it. *See Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1109 (5th Cir. 1991) (when court dismissed the plaintiff's suit and movant's intervention was wholly derivative of plaintiff's claim, movant could not state a claim).

## 2. Timely Manner

As the court explained in its initial decision denying the motion to intervene, it considers four factors when it seeks to determine whether the movant's application was timely. The four factors are:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the

---

[3]As the court has noted throughout, this certainly does not impede an employer/insurer's rights of subrogation and ability to recoup payments made when the employee sues a third-party tortfeasor. The inability for an employer/insurer to recover benefits erroneously or wrongfully paid arises only when, in cases like the present one, they seek repayment from the employee himself.

> prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

See Ford v. City of Huntsville 242 F.3d 235, 239 (5th Cir. 2001).

Travelers did not address timeliness in its first motion but has addressed it with its motion to reconsider. In its initial order, this court explained that Travelers waited to move to intervene until after the parties settled the matter but had been involved in it since virtually the beginning. The court further noted that Travelers provided no explanation as to why it waited so long. In its motion to reconsider, Travelers explains it waited so long because it believed Chenevert would "protect their interests." In support of this position, Travelers attaches several letters from Chenevert's counsel in which counsel refers to Travelers' "lien" and "subrogation lien." In response, Chenevert's counsel attaches his own affidavit making it equally clear that he informed Travelers at the conclusion of an August 12, 2011 mediation that he would not protect their interest.

After reconsidering the matter in light of the newly-provided evidence, it is clear that Travelers relied on Chenevert to protect its interests at least until August 2011, approximately two months before they moved to intervene. While in hindsight, this decision may not have been a prudent one, this factor now weighs somewhat in favor of intervention. However, because the court finds that Travelers does not have a right to the property at issue, intervention is not appropriate.

### 3.  Other Remedies

Again, with their initial motion to intervene, Travelers did not address whether there were other available remedies it could pursue.  With the present motion to reconsider, Travelers addresses the issue only to state: "Travelers does not have to seek alternative remedies; rather, Travelers has done exactly what it should have done by moving to intervene."  Such a statement is unhelpful to the court.  Because Travelers chose not to address this issue, the court finds it conceded the matter.

### 4.  Interests Represented

Finally, in its initial order, the court found that Travelers' interests were represented during the course of the litigation at least to an extent by GC Constructors.  The court made this finding largely because of the $277,728.72 Travelers sought, it planned to reimburse GC Constructors $250,000.00 it paid as a deductible.  Accordingly, the court found that "the defendants [GC Constructors] had Travelers' interests in mind because their interests were virtually one and the same."  While Travelers did not address this issue in their initial motion, with their motion to reconsider, they argue that their interests were not adequately represented.  However, in support of their argument, they state only that "Travelers (sic) interests were never protected by Chenevert or GC Contractors, thus the Order's finding that the parties protected Travelers' interests in (sic) manifest error."  Again, such an unsupported statement is unhelpful to the court.  Because Travelers has not added any argument or authority in support of its motion to intervene as to this issue, the court finds no reason to consider it.

Accordingly, the court recommends that the district judge adopt the undersigned's April 16, 2012, decision denying Travelers' motion to intervene.  Additionally, the court recommends

### 3.  Other Remedies

Again, with their initial motion to intervene, Travelers did not address whether there were other available remedies it could pursue.  With the present motion to reconsider, Travelers addresses the issue only to state: "Travelers does not have to seek alternative remedies; rather, Travelers has done exactly what it should have done by moving to intervene."  Such a statement is unhelpful to the court.  Because Travelers chose not to address this issue, the court finds it conceded the matter.

### 4.  Interests Represented

Finally, in its initial order, the court found that Travelers' interests were represented during the course of the litigation at least to an extent by GC Constructors.  The court made this finding largely because of the $277,728.72 Travelers sought, it planned to reimburse GC Constructors $250,000.00 it paid as a deductible.  Accordingly, the court found that "the defendants [GC Constructors] had Travelers' interests in mind because their interests were virtually one and the same."  While Travelers did not address this issue in their initial motion, with their motion to reconsider, they argue that their interests were not adequately represented.  However, in support of their argument, they state only that "Travelers (sic) interests were never protected by Chenevert or GC Contractors, thus the Order's finding that the parties protected Travelers' interests in (sic) manifest error."  Again, such an unsupported statement is unhelpful to the court.  Because Travelers has not added any argument or authority in support of its motion to intervene as to this issue, the court finds no reason to consider it.

Accordingly, the court recommends that the district judge adopt the undersigned's April 16, 2012, decision denying Travelers' motion to intervene.  Additionally, the court recommends

that the district judge deny Travelers' motion to reconsider that decision or, in the alternative, to set it aside.[4]

The parties are referred to 28 U.S.C. 636 (b)(1) and Local Rule 72 (a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Respectfully submitted this the 17th day of July, 2012.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[4] As explained *supra*, to effect a settlement, the parties agreed that the dismissal was to be only a partial dismissal and included the following language: "[T]hat this matter shall remain open to allow for adjudication and resolution of the claims sought to be brought by The Travelers Indemnity Company." Based on the court's findings today, the undersigned recommends that the matter now be fully dismissed.