UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GARY CHENEVERT

v.                                                          CIVIL ACTION NO. 4:10-CV-00113-GHD-DAS

MASSMAN CONSTRUCTION CO., et al.

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION

Presently before the Court are the following: The Travelers Indemnity Company's motion to reconsider, or in the alternative, to set aside [301] the Magistrate Judge's Order denying its motion to intervene, as well as the Magistrate Judge's Report and Recommendation [305] concerning the motion to reconsider. Upon due consideration, the Court finds that the motion to intervene was properly denied; the Report and Recommendation [305] should be adopted as part of the opinion of the Court; and accordingly, that The Travelers Indemnity Company's motion to reconsider or set aside the Order denying the motion to intervene [301] should be denied.

### *A. Factual and Procedural Background*

Plaintiff Gary Chenevert ("Plaintiff") filed this personal injury suit against his former employer, GC Constructors, after he sustained injuries while working as a crane operator on the deck of a barge. GC Constructors is insured by Travelers. Based upon Travelers' understanding that Plaintiff was claiming longshoreman's benefits, Travelers began paying Plaintiff medical and other benefits totaling $277,728.72 under the Longshore and Harbor Workers' Compensation Act (the "LHWCA"). Travelers stopped paying these benefits once Plaintiff sued GC Constructors alleging negligence under the Jones Act and asserting that he had been working as a "seaman" rather than a longshoreman when he sustained the injury. After Plaintiff and GC Constructors

1

reached settlement in the case, Travelers for the first time sought and was granted leave to file a motion to intervene in the case. Travelers filed its motion to intervene [281] wherein it asserted its alleged right to subrogation as a result of its payments of indemnity and medical longshoreman made to Plaintiff prior to the filing of this suit. The Court entered an order of partial dismissal, dismissing all of the Defendants but leaving the matter open to allow for adjudication and resolution of the claims sought to be brought by Travelers. As part of their final resolution, the parties agreed to interplead $277,728.72 into the Court's registry pending resolution of the dispute between Plaintiff and Travelers. The Magistrate Judge subsequently entered an Order [300] denying Travelers' motion to intervene, finding that Travelers had not demonstrated an interest relating to the subject property or transaction and that Travelers had untimely moved to intervene in the case. Travelers then filed a motion to reconsider or set aside [301] the Magistrate Judge's Order. On July 17, 2012, the Magistrate Judge entered a Report and Recommendation [305] ("Report") concerning Travelers' motion to set aside the Order denying the motion to intervene. Travelers filed objections to the Report, and Plaintiff's counsel filed a response to the objections. The matter is now ripe for review.

## B. Discussion and Analysis

Travelers argues that the Court should grant its motion to reconsider or set aside the Magistrate Judge's denial of its motion to intervene because the Magistrate Judge had no authority to rule on the motion to intervene. Travelers also argues the Report errs in finding (1) that Travelers has no interest in the underlying property or transaction of the litigation because Plaintiff only sued his employer and not the vessel itself; (2) that Plaintiff was paid the settlement amount for Plaintiff's exclusive benefit; (3) that Travelers failed to demonstrate it had a lien over the

2

settlement proceeds; (4) that Travelers "wrongfully paid" benefits to Plaintiff under the LHWCA; (5) that the money held in the Court's registry was solely for Plaintiff's "cure and maintenance"; (6) that the only remedy for a lien over longshoreman benefits is a credit; (7) that the danger of Plaintiff's double recovery is of no consequence to Travelers' lien; (8) that Travelers has no right to repayment from Plaintiff because GC Constructors settled the Jones Act case; (9) that Travelers did not timely intervene; (10) that Travelers conceded the matter of pursuing alternative remedies; (11) that Plaintiff was not estopped from denying Travelers' lien based on Plaintiff's prior admission that Travelers had a "lien" and "subrogation lien"; (12) that the disposition of the $277,728.72 held in the Court's registry would not impair or impede, as a practical matter, Travelers' ability to protect its interest; and (13) that Travelers' interests were represented during the course of litigation in this case.

When a party files objections to a Magistrate Judge's Report and Recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381 (5th Cir. 2004). Accordingly, the Court has conducted a *de novo* review and specifically finds the following concerning Travelers' objections to the Report:

### 1. Authority Objection

Travelers argues that the Magistrate Judge had no authority to rule on Travelers' motion to intervene. The Fifth Circuit has not addressed whether a magistrate judge has the authority to rule on a motion to intervene. However, because the Magistrate Judge's Report is now before this Court, and the Court has made a *de novo* determination, this objection is denied as moot.

## 2. Substantive Objections

Travelers opposes the Magistrate Judge's finding that Travelers should not be permitted to intervene in the case because Travelers failed to show it had an interest relating to the subject property or transaction, and further failed to show that the disposition of $277,728.72 held in the Court's registry would impair or impede Travelers' ability to protect that interest.

"[A] party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervenor's interest." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (citing *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001)); *see* FED. R. CIV. P. 24(a) (intervention as of right is permitted upon timely application "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties").

### a. Timely Manner

Travelers argues that the Report errs in finding that Travelers gave no reason for the late attempt to intervene in this case. Travelers maintains that because the Court entered an order granting leave to Travelers to file a motion to intervene, and because Plaintiff's counsel had represented to Travelers' counsel that Travelers' interests would be protected in the litigation, Travelers timely intervened. The Court notes that Travelers only moved to intervene after

settlement, even though Travelers had known of the case nearly from the beginning. Although this is unfortunate, the Court agrees with the Magistrate Judge that Travelers does not have a right to the property at issue in the case; therefore, allowing Travelers to intervene post-settlement would be futile.

b. Interest in the Subject Property

Travelers maintains that it has a right to intervene to protect its interest, arguing that Travelers has a lien that arises out of Travelers' payment of longshoreman benefits to Plaintiff pursuant to the LHWCA, and further, that this lien attached to the settlement proceeds in this case and created a right of subrogation. The Court notes, as did the Magistrate Judge, that "[n]o right of subrogation can arise in favor of the insurer against its insured, since by definition subrogation arises only with respect to rights of the insured against third persons to whom the insurer owes no duty." *See* 16 COUCH ON INSURANCE 2d § 61:133 at 313 (1983). Admiralty law and the LHWCA consider a vessel to be a third party distinct from its owner. *Taylor v. Bunge Corp.*, 845 F.2d 1323, 1329 (5th Cir. 1988). Thus, if a longshoreman sues both his employer and the vessel on which he was injured, the vessel can be treated as a third party, and thus, the insurer may have a right of subrogation. *See id.* at 1329. In *Taylor*, the plaintiff had sued the vessel on which he was injured and the parties had subsequently settled the case, when the insurance companies involved began to dispute which insurer should bear the burden of the workers' compensation benefits already paid to the plaintiff. Ultimately, the Fifth Circuit affirmed the district court's decision that an insurer may have a right of subrogation when a longshoreman sues both his employer and the vessel itself.

In the case *sub judice*, Travelers argues that it has a right of subrogation because the Plaintiff sued GC Constructors, which was both Plaintiff's employer and the owner and operator of the subject vessel. Thus, in effect, Travelers argues that it has a right of subrogation because Plaintiff sued both the vessel and his employer. However, as the Magistrate Judge explains in detail in his Report, unlike the Plaintiff in *Taylor*, the Plaintiff in the case *sub judice* did <u>not</u> sue both his employer and the vessel itself; instead, the Plaintiff in the case *sub judice* sued GC Constructors, not the vessel. Thus, *Taylor* is distinguished from the case *sub judice*. Because Travelers' argument with respect to an interest in the subject property or transaction is based on this proposition, and this proposition does not apply to this case, the Court finds Travelers' argument is not well taken. Because there is no third party involved, Travelers has no right of subrogation and thus no interest in the subject property such that intervention would be proper.

c. <u>Representation of Interests in Litigation</u>

Travelers further argues that contrary to the Report's finding Travelers' interests were not represented during the course of litigation in this case. Travelers maintains that GC Constructors and Plaintiff settled the case without Travelers' permission and over Travelers' objection, and that neither GC Constructors nor Plaintiff ever sought to protect Travelers' right to reimbursement for the $277,728.72 it paid to or on behalf of Plaintiff. Travelers additionally argues that Plaintiff's representations and Plaintiff's counsel's representations to Travelers that Travelers had a "lien" and "subrogation lien" and Plaintiff's subsequent change in position are clear evidence that Plaintiff was not protecting Travelers' interests. The Magistrate Judge made the determination that Travelers' interests were represented in the litigation at least to an extent by GC Constructors, largely because Travelers planned to reimburse GC Constructors $250,000.00 of the money

sought that Travelers had paid as a deductible. Thus, the Magistrate Judge found that Travelers' and GC Constructors' interests were the same. The Court agrees with the Magistrate Judge that GC Constructors and Travelers had aligned interests in the litigation and thus that Travelers' interests were represented during the litigation in this case.

### 3. Estoppel Objection

Travelers further argues the Report erred by failing to address Travelers' argument that Plaintiff is estopped from denying that Travelers has a lien on the subject property based on representations made by Plaintiff's counsel to Travelers' counsel. Equitable estoppel is an extraordinary remedy that should be used with caution. *See B.C. Rogers Poultry, Inc. v. Wedgeworth*, 911 So. 2d 483, 491 (Miss. 2005). It is defined generally as " 'the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed.' " *Id.* at 492 (quoting *Dubard v. Biloxi H.M.A., Inc.*, 778 So. 2d 113, 114 (Miss. 2000)). Travelers contends that the Plaintiff is estopped from denying Travelers has a lien because Plaintiff, through his counsel, made prior admissions that Travelers had a "lien" and "subrogation lien," and that Travelers reasonably expected that Plaintiff would protect Travelers' interest based on Plaintiff's counsel's representations to Travelers' counsel.

The Court finds that this argument is unavailing. Even if the Court found that the Plaintiff was estopped from denying Travelers had a lien and subrogation lien on the property, that finding would not change the result. Even if Travelers were allowed to intervene, the intervention would be futile, as Travelers has no right of subrogation in the case.

7

### 4. Other Objections

Finally, Travelers objects to the Report on certain grounds that have no bearing on the outcome of this matter. Travelers maintains that the Report erroneously states that GC Constructors agreed to pay Plaintiff the settlement amount for Plaintiff's exclusive benefit. Travelers further argues that the Report erroneously states that the money held in the Court's registry was not solely for Plaintiff's cure and maintenance. No such statements appear to this Court to have been made in the Report, but regardless, such statements have no bearing on the outcome of this matter.

Travelers further objects to the Report's finding that Travelers conceded the matter of pursuing alternative remedies. The Magistrate Judge based this finding on the fact that Travelers did not address the issue of seeking alternative remedies, except to state: "Travelers does not have to seek alternative remedies; rather, Travelers has done exactly what it should have done by moving to intervene." The Court agrees that Travelers conceded the matter of pursuing alternative remedies.

Travelers further contends that the Report erroneously finds that the danger of Plaintiff's double recovery is of no consequence to Travelers' lien. The Court finds in reviewing this argument and applicable case law that the Magistrate Judge is correct in stating that "despite the apparent danger of double recovery, courts have made it clear that they will not order an employee to repay overpayments or wrongful payments of compensation benefits" due to concerns that such a measure would be too punitive to the freshly injured.

Travelers also argues that the Report erroneously assumes that Travelers "wrongfully paid" longshoreman benefits to Plaintiff under the LHWCA, and erroneously finds that a credit

would be the sole remedy for a lien on longshoreman benefits. Travelers maintains that it is a longshore carrier and as such, has both a lien for compensation paid and a credit for future compensation Travelers may be obligated to pay. The Court finds this line of argument to be unavailing. The issue of whether at the time of Plaintiff's injury he was working as a longshoreman entitled to LHWCA benefits, or whether instead Plaintiff was a seaman as alleged in Plaintiff's complaint, was never litigated in the case due to settlement, and thus is not properly addressed at this juncture. Additionally, because the parties have reached settlement, GC Constructors has no right to repayment from Plaintiff in any instance and no right to future credit. For these reasons, Travelers' objections to the Report are not well taken.

### C. Conclusion

In the case *sub judice*, the Magistrate Judge did not err by denying Travelers' request for leave to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, nor did he abuse his discretion under Rule 24(b) of the Federal Rules of Civil Procedure in denying the same. Therefore, the Court is of the opinion that the Magistrate Judge's Report and Recommendation [305] should be approved and adopted as part of the opinion of the Court.

A separate order in accordance with this opinion shall issue this day.

THIS, the 11 day of February, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE